UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Gregory C. Krug, #15503-075, | ) C/A No. 4:12-550-CMC-SVH |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
|  | ) RECOMMENDATION |
| Aleta A. Trauger; Beverly L. Harris; and Julie C. Brock, | ) |
| Defendants. | ) |

Plaintiff Gregory C. Krug ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a federal inmate at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Plaintiff brings this action against employees of the federal judicial system pursuant to the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff is serving a term of imprisonment at FCI-Williamsburg for violating terms of his supervised release. On June 15, 1999, a federal jury found Plaintiff guilty of three firearms-related offenses. *United States v. Krug*, No. 3:98-00138 (M.D. Tenn.) at Entry #220. On direct appeal, the Sixth Circuit Court of Appeals ("Sixth Circuit") affirmed

Plaintiff's convictions and sentence in *United States v. Krug*, No. 99-6542, 20 Fed. Appx. 271 (6th Cir. Aug. 30, 2001). Following Plaintiff's release from prison, Jonathan Hahn ("Hahn") became his probation officer and, subsequently, had a role in finding that Plaintiff violated the terms of his supervised release.

Plaintiff ultimately filed a civil action against Hahn. *See generally Krug v. Hahn*, No. 1:08-0048 (M.D. Tenn.) ("*Hahn*"). Defendant Aleta A. Trauger was the district judge assigned to the case. Plaintiff alleges that he filed a motion to recuse Judge Trauger from the *Hahn* case because he planned to sue her. [Entry #1 at 9]. Plaintiff concludes, from the absence of his motion to recuse from the court's docket, that Judge Trauger ordered the motion's destruction. *Id.* Judge Trauger dismissed Plaintiff's complaint in *Hahn* on July 29, 2009. *Hahn* at Entry #49.

Plaintiff subsequently appealed Judge Trauger's decision. Defendants Julie C. Brock and Beverly L. Harris were employees of the Sixth Circuit Clerk of Court during the pendency of Plaintiff's appeal. As to defendant Brock, Plaintiff states that on April 16, 2010, he informed her that due to the temporary closure of the jail's law library, he would be unable to timely file a credible reply brief in the *Hahn* case.[1] [Entry #1 at 10]. Plaintiff accuses Brock of not docketing his request and blames her lack of action for his subsequent

---

[1] The dates in Plaintiff's complaint, which are supposed to relate to the *Hahn* case, do not align with the case's docket. The docket shows that Plaintiff filed the *Hahn* case on August 15, 2008, the court entered final judgment on July 29, 2009, and Plaintiff noticed his appeal on August 11, 2009.

filing of a poor brief on April 21, 2010.[2]  Plaintiff further alleges that, on July 14, 2010, Brock denied his motion to supplement his reply brief, which action was beyond her authority.[3]  Plaintiff also alleges that he filed a motion to re-open the proceedings on November 7, 2011, but Brock informed him on November 10, 2011, that the motion would not be filed.  *Id.* at 12–13.  Plaintiff contends all actions by Brock were in clear absence of all jurisdiction.  *Id.* at 14.

As to defendant Harris, Plaintiff claims that on November 18, 2010, he filed a petition for panel rehearing and, on December 15, 2010, a petition for rehearing en banc.  *Id.* at 12.  He alleges defendant Harris rejected the second petition in error and in clear absence of all jurisdiction.[4]  *Id.* at 12, 14.

Plaintiff argues that, absent defendants' actions discussed above, the Sixth Circuit might have ruled differently.  Hence, he concludes that this court should award him the

---

[2] Hahn filed a motion to dismiss on December 19, 2008.  *Hahn* at Entry #13.  The docket in *Hahn* shows that Plaintiff filed motions for extension of time to respond to Hahn's motion on January 5, 2009, March 13, 2009, March 24, 2009, and April 23, 2009.  *Id.* at Entry #15, #19, #23, #25.  On each occasion, the magistrate judge granted Plaintiff's request, eventually extending the due date for his reply to May 26, 2009.  *Id.* at Entry #16, #22, #23, #26.  Plaintiff filed his response on May 29, 2009.  *Id.* at #33.

[3] The docket in *Hahn* reads:  "The pltf's request contained within his 'opposition' to have until 6/9/09, in which to supplement his 'opposition' with legal authority (Docket no. 32 at 2-3) is DENIED as futile.  It is so ORDERED.  Signed by District Judge Aleta A. Trauger on 6/3/09."  *Hahn* at Entry #35.

[4] By order docketed in *Hahn* on November 9, 2010, the Sixth Circuit affirmed Judge Trauger's decision.  *Hahn* at Entry #59.  The docket entry dated February 24, 2011, notes: "It is ordered that the mandate previously issued on 1/6/11 is hereby recalled.  The mandate was inadvertently issued as there was a petition for rehearing pending."  *Id.* at Entry #61.

amount of damages he sought in the *Hahn* litigation—$142,560,000.

II.	Discussion

   A.	Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

4

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Judicial Immunity as to Judge Trauger

Judge Trauger is immune from the instant suit as she was then acting in her official capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Plaintiff has set forth no evidence that Judge Trauger destroyed his motion to recuse, but even if he had, the judge's immunity from suit stands even when charged with malicious intent. *See Mireles*, 502 U.S. at 11 (explaining that judicial immunity is "not overcome by allegations of bad faith or malice"). Consequently, it is recommended that Judge Trauger be summarily dismissed.

2. Quasi-Judicial Immunity for Court Support Personnel

Under cases such as *Forrester v. White*, 484 U.S. 219, 226–27 (1988), immunity that derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. This derivative immunity is sometimes called quasi-judicial immunity in this judicial district. *Abebe v. Propes*, No. 0:11-1215-MBS-PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

Defendants Brock and Harris were both Sixth Circuit employees and thus are entitled

to immunity from suit so long as they were performing judicial acts or activities as an official aide of the judge. Although Plaintiff contends these defendants were acting in clear absence of all jurisdiction, the district court and appellate courts dockets in *Hahn* do not support his contention.[5]

Plaintiff alleges defendant Brock failed to docket his request for additional time to file his response to the defendant's motion to dismiss and that she was without authority to deny his motion to supplement his reply brief. [Entry #1 at 10]. The *Hahn* docket demonstrates that Plaintiff's numerous motions for extension were docketed and granted by the assigned magistrate judge, giving Plaintiff almost three additional months to respond to the motion. *See supra* note 2. The docket further demonstrates that the court, not defendant Brock, denied Plaintiff's motion to supplement his brief. *See supra* note 3.

Plaintiff also alleges Brock refused to file his motion to re-open the proceedings in November 2011. [Entry #1 at 12–13]. The Sixth Circuit issued its mandate on March 10, 2011. *Hahn* at Entry #59, #62. Pursuant to Sixth Circuit procedure, upon entry of the mandate, the court relinquished jurisdiction over the case. *See* 6 Cir. I.O.P. 41. Because the court no longer had jurisdiction over the case when Plaintiff allegedly attempted to file his motion to re-open the proceedings, the undersigned finds that defendant Brock was acting within the scope of her judicial duties if, as Plaintiff contends, she returned the motion to him

---

[5] It is appropriate for this court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

without filing it.

Plaintiff alleges defendant Harris improperly rejected his attempted filing of a petition for rehearing en banc on December 15, 2010. [Entry #1 at 12]. Plaintiff admits to previously filing a petition for rehearing before the original panel. *Id.* The appellate docket reflects that Harris returned the petition for rehearing en banc to Plaintiff on December 20, 2010. *Krug v. Hahn*, App. No. 09-5961 ("*Hahn II*"). The letter from defendant Brock to Plaintiff states:

> Neither the Federal Rules of Appellate Procedure nor the Rules of the Sixth Circuit make any provision for filing successive petitions for rehearing. Your petition for rehearing before the original panel filed on November 22, 2010 is pending before the court. Therefore, the petition for rehearing en banc is not accepted for filing.

*Hahn II*, letter dated 12/20/2010. The undersigned finds that defendant Harris was acting as an official aide of the judge when she returned Plaintiff's motion.

Based on the foregoing, the doctrine of quasi-judicial immunity bars this suit. *See Abebe*, 2011 WL 2581385 at *3. Moreover, as administrators for the Sixth Circuit, Brock and Harris would be entitled to immunity from suit under controlling Sixth Circuit precedent. *See, e.g.*, *Bush v. Rauch*, 38 F.3d 842, 847–48 (6th Cir. 1994).

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 26, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).