IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory C. Krug, #15503-075, | ) | C/A NO. 4:12-550-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Aleta A. Trauger; Beverly L. Harris; and Julie C. Brock, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 26, 2012, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on May 9, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff first argues in his objections that Judge Trauger's actions in allegedly ordering the destruction of a motion to recuse he purportedly filed in a civil case was an act beyond her jurisdiction, thereby piercing the veil of her absolute judicial immunity. Plaintiff cites *Stump v. Sparkman*, 435 U.S. 349 (1978), in support of his position that Judge Trauger's alleged actions were in "clear absence of all jurisdiction."[1]

---

[1]Judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and attaches upon allegations of bad faith or malice, *id*., or even when the judge is alleged to have acted corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity is overcome in only two instances. As found by the Supreme Court: "First, a judge is not immune from liability for nonjudicial acts, *i.e.* actions not taken in the judge's judicial capacity. Second a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

The first condition which needs to be present for absolute immunity to attach is that a judge's action must have been "judicial" in nature. In examining a judge's action, the court must take into account two considerations. First, the court should examine the "nature" and "function" of the act and its relation to the function normally performed by a judge. *Mireles*, 502 U.S. at 13. Second, the court must address whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. The "touchstone" for judicial immunity in this regard is acts which involve "resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993). An action taken by a judge which is not an adjudication between parties is less likely to be deemed judicial. *See Brookings v. Clunk*, 389 F.3d 614, 625 (6th Cir. 2004).

The second condition for immunity to attach is that the judge's action cannot have been undertaken in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 357 (1978). A distinction is drawn between acts that are performed in "excess of jurisdiction," to which judicial immunity is extended, and those acts that are performed in the "clear absence of all jurisdiction over

Plaintiff's contention is without merit. Plaintiff provides no evidence that the motion to recuse was received by the Clerk of Court for filing; he merely states in a conclusory fashion that Judge Trauger ordered its destruction because it does not appear on the docket.[2] Even assuming the truth of Plaintiff's allegation that Judge Trauger ordered the destruction of the properly-filed motion, her actions would not have been taken in "clear absence of jurisdiction," but rather at most with malice and/or bad faith, which would not negate her judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Forrester v. White*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive.").

Plaintiff also argues Defendants Brock and Harris are not covered by Sixth Circuit Rule 45(a) because they are not "a clerk," but rather a "case manager" and "en banc coordinator," respectively, and that they therefore allegedly acted in absence of all jurisdiction. *See generally* Objections. This contention is without merit, as these Defendants, no matter their title, are employees of the Clerk of Court who enjoy the same quasi-judicial immunity for their actions.

This matter is dismissed without prejudice and without issuance and service of process on

---

the subject-matter," to which no immunity is granted. *Id*. at 356 n.6. The question arises "whether at the time [the judge] took the challenged action [s]he had jurisdiction over the subject matter before [her]," and, in answering that question, "the scope of the judge's jurisdiction must be construed broadly . . ." *Id*. at 356.

[2]The court notes that an identical motion was filed in Middle District of Tennessee Criminal Case Number 98-138, *United States v. Krug*. This motion was denied by Judge Trauger on April 13, 2009. (M.D. Tn. ECF No. 584). Additionally, Plaintiff's civil case in the Middle District of Tennessee, *Krug v. Hahn*, 08-cv-48, contains a memorandum by the Government in opposition to Plaintiff's motion for change of venue which attaches a copy of Plaintiff's motion for recusal (which had been served on the Government) and notes that it does not appear on the docket of the civil case. Plaintiff raised no concerns in that civil case that it had not been filed.

Defendants.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 16, 2012

---

[3]Plaintiff has also filed a motion to consolidate. ECF No. 21 (filed May 15, 2012). This motion is denied as moot.